1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LYLE ERIC NORBERT,                         No. CIV S-09-3500-GEB-CMK-P

12              Plaintiff,

13         vs.                                    ORDER

14    MIKE McDONALD, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

25    of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

26    that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

                                                      1

1    1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

2    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

3    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

4    with at least some degree of particularity overt acts by specific defendants which support the

5    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6    impossible for the court to conduct the screening required by law when the allegations are vague

7    and conclusory.

8

9                                    **I.  PLAINTIFF'S ALLEGATIONS**

10                Plaintiff names two individuals as defendants in this action, warden Mick

11   McDonald and physicians assistant Kara Wilcox.  He claims that after he was ordered to move in

12   spite of his disability, he became fatigued and fell down the stairs causing injuries to his head,

13   neck, back and leg.  He states that defendant McDonald "and his prison officials" failed to

14   provide him a reasonable accommodation to his disability, which constituted cruel and unusual

15   punishment.  He also claims defendant Wilcox provided him inadequate medical treatment.

16                Plaintiff alleges he has a medical chrono for a cane, lower bunk and lower tier.

17   Despite her knowledge of Plaintiff's disability, he claims defendant Wilcox overrode the Chief

18   Medical Officer's medical chrono by authorizing Plaintiff to be placed on a upper tier floor.

19

20                                           **II.  DISCUSSION**

21                The treatment a prisoner receives in prison and the conditions under which the

22   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

23   and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

24   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

25   of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

26   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

1   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

2   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

3   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

4   when two requirements are met: (1) objectively, the official's act or omission must be so serious

5   such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

6   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

7   inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

8   official must have a "sufficiently culpable mind."  See id.

9          Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

10  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

11  105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

12  health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

13  sufficiently serious if the failure to treat a prisoner's condition could result in further significant

14  injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

15  1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

16  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

17  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

18  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

19  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

20         The requirement of deliberate indifference is less stringent in medical needs cases

21  than in other Eighth Amendment contexts because the responsibility to provide inmates with

22  medical care does not generally conflict with competing penological concerns.  See McGuckin,

23  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

24  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

25  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

26  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

1  treatment, or interference with medical treatment, may also constitute deliberate indifference.

2  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

3  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

4             Negligence in diagnosing or treating a medical condition does not, however, give

5  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

6  difference of opinion between the prisoner and medical providers concerning the appropriate

7  course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

8  90 F.3d 330, 332 (9th Cir. 1996).

9             Here, Plaintiff alleges defendant Wilcox disregarded physicians orders that

10  Plaintiff be housed on a lower tier due to his medical condition, and authorized his move to an

11  upper tier.  Apparently during the move, Plaintiff fell and injured himself due to his medical

12  condition, which is why he had a chrono to be housed on the lower level.  Plaintiff does not,

13  however, allege any action on the part of defendant McDonald.  Rather, it appears Plaintiff is

14  attempting to hold him liable for his alleged constitutional violation due to his supervisory

15  position as warden.

16             Supervisory personnel are generally not liable under § 1983 for the actions of their

17  employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

18  respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

19  violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

20  Supreme Court has rejected the notion that a supervisory defendant can be liable based on

21  knowledge and acquiescence in a subordinate's unconstitutional conduct because government

22  officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

23  and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a

24  defendant holds a supervisory position, the causal link between such defendant and the claimed

25  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

26  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

1  allegations concerning the involvement of supervisory personnel in civil rights violations are not

2  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must

3  plead that each Government-official defendant, through the official's own individual actions, has

4  violated the constitution."  Iqbal, 129 S. Ct. at 1948.

5  Plaintiff complaint, therefore, states a claim against defendant Wilcox, but not

6  defendant McDonald.

7

8  **III.  CONCLUSION**

9  Because it is possible that the deficiencies identified in this order may be cured by

10 amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

11 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

12 amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

13 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the

14 prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.

15 An amended complaint must be complete in itself without reference to any prior pleading.  See

16 id.

17 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

20 each named defendant is involved, and must set forth some affirmative link or connection

21 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

22 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23 However, there is no requirement for Plaintiff to file an amended complaint to

24 proceed with this action.  Because the complaint appears to otherwise state cognizable claims, if

25 no amended complaint is filed within the time allowed therefor, the court will issue findings and

26 recommendations that the claims identified herein as defective be dismissed, as well as such

1    further orders as are necessary for service of process as to the cognizable claims.

2            Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended

3    complaint within 30 days of the date of service of this order.

4

5     DATED: May 6, 2010

6                                        _____
                                          **CRAIG M. KELLISON**
7                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26