1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  LYLE ERIC NORBERT,                    No. CIV S-09-3500-GEB-CMK-P

12           Plaintiff,

13      vs.                          FINDINGS AND RECOMMENDATIONS

14  MIKE McDONALD, et al.,

15           Defendants.

16  _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.  Pending before the court is defendant Wilcox's unopposed motion to

19  dismiss (Doc. 18).

20          **I.      BACKGROUND**

21          This action proceeds on plaintiff's original complaint (Doc. 1), against defendant

22  Wilcox only.[1]  Plaintiff alleges defendant Wilcox was deliberately indifferent to his serious

23

24          [1]     Plaintiff also named Mike McDonald as a defendant in his complaint.  However,
    upon screening the complaint, the court found plaintiff did not state a claim against defendant
25  McDonald and provided plaintiff an opportunity to file an amended complaint.  Plaintiff chose to
    proceed on his original complaint against defendant Wilcox only and voluntarily dismissed
26  defendant McDonald.

1

1    medical needs.  In his complaint plaintiff alleges that defendant Wilcox overrode a doctor's

2    prescribed CDC-128-C medical chrono, allowing plaintiff a lower tier cell.  He states that after

3    speaking with defendant Wilcox, correctional officers required him to move to a top tier cell.  He

4    claims defendant Wilcox acted with conscious disregard of the risk of causing plaintiff serious

5    bodily harm by disregarding his need for a lower tier cell.

6                    **II.      MOTION TO DISMISS**

7            Defendant Wilcox filed the pending motion to dismiss on the basis that plaintiff

8    failed to exhaust his administrative remedies prior to filing this action.  Plaintiff did not file an

9    opposition to the motion.

10           A motion to dismiss based on a prisoner's failure to exhaust administrative

11   remedies is properly the subject of an unenumerated motion under Federal Rule of Civil

12   Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a

13   motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the

14   pleadings and decide disputed issues of fact."  Id. at 1119-20.  Where the court looks beyond the

15   pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely

16   analogous to summary judgment," the court must assure that the plaintiff has fair notice of his

17   opportunity to develop a record.  Id. at 1120 n.14 (referencing the notice requirements outlined in

18   Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d

19   409 (9th Cir. 1988).  Defendants bear the burden of establishing that the plaintiff failed to

20   exhaust administrative remedies prior to filing suit.  See Wyatt, 315 F.3d at 1120.  If the court

21   concludes that administrative remedies have not been exhausted, the unexhausted claim should

22   be dismissed without prejudice.  See id. at 1120; see also Jones v. Bock, 127 S. Ct. 910 (2007).

23           Prisoners seeking relief under § 1983 must exhaust all available administrative

24   remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

25   regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

26   Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

1   the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

2   while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The

3   Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199

4   (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in

5   the complaint because lack of exhaustion is an affirmative defense which must be pleaded and

6   proved by the defendants; (2) an individual named as a defendant does not necessarily need to be

7   named in the grievance process for exhaustion to be considered adequate because the applicable

8   procedural rules that a prisoner must follow are defined by the particular grievance process, not

9   by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some,

10   but not all, claims are unexhausted.

11            The Supreme Court also held in Woodford v. Ngo that, in order to exhaust

12   administrative remedies, the prisoner must comply with all of the prison system's procedural

13   rules so that the agency addresses the issues on the merits.   548 U.S. 81, 89-96 (2006).  Thus,

14   exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90.

15   Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance

16   which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id.

17   at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the

18   quantity of prisoner suits "because some prisoners are successful in the administrative process,

19   and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

20            A prison inmate in California satisfies the administrative exhaustion requirement

21   by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of

22   Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or

23   policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code

24   Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several

25   levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution

26   head; (4) third level appeal to the director of the California Department of Corrections and

1  Rehabilitation.  A decision at the third formal level, which is also referred to as the director's

2  level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal.

3  Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may

4  summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§

5  3084.3(c)(6) and 3084.6(c).   If a group of inmates intend to appeal the same decision or action,

6  one grievance form is used and a list of the participating inmates must be attached.  The list must

7  be legible and state the inmates' names, departmental identification numbers, and housing

8  assignment.  The form must also be signed by all participating inmates.  Currently, California

9  regulations do not contain any provision specifying who must be named in the grievance.

10           In certain circumstances, the regulations make it impossible for the inmate to

11  pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939

12  n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by

13  prison officials as a "staff complaint" and processed through a separate confidential process,

14  prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing

15  Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff

16  complaint."  See id. at 940.  If there are separate claims in the same grievance for which further

17  administrative review could provide relief, prison regulations require that the prisoner be notified

18  that such claims must be appealed separately.  See id. at 939.  The court may presume that the

19  absence of such a notice indicates that the grievance did not present any claims which could be

20  appealed separate from the confidential "staff complaint" process.  See id.

21           Here, defendant Wilcox argues plaintiff failed to exhaust his administrative

22  remedies.  Defendant cites to plaintiff complaint wherein he acknowledged that the grievances

23  process was not complete.  In fact, the form complaint plaintiff utilized specifically asks the

24  question: "Have you filed a grievance concerning the facts relating to this complaint?"  Plaintiff

25  check the "No" box.  As plaintiff admits in his complaint that he did not file a grievance, that the

26  grievance process is not complete, he does not attach to the complaint any inmate grievance

4

1  form, and plaintiff's lack of opposition to this motion, the undersigned finds plaintiff failed to

2  exhaust his administrative remedies prior to filing this action.  Therefore, the motion to dismiss

3  should be granted.

4                  **III.    CONCLUSION**

5                  Based on the foregoing, the undersigned recommends that defendant Wilcox's

6  motion to dismissed (Doc. 18) be granted and this action be dismissed without prejudice.

7                  These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9  after being served with these findings and recommendations, any party may file written

10  objections with the court.  Responses to objections shall be filed within 14 days after service of

11  objections.  Failure to file objections within the specified time may waive the right to appeal.

12  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14   DATED:  July 14, 2011

15

16                                          **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26